# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF WASHINGTON

| | |
|---|---|
| MARLYS M. (ELAVSKY) APPLETON,<br><br>Plaintiff,<br><br>v.<br><br>SHARYL A. BOHART; SANDRA L. HOHN,<br><br>Defendants. | NO. 2:17-CV-0327-TOR<br><br>ORDER GRANTING DEFENDANTS' MOTION TO DISMISS |

BEFORE THE COURT is Defendants' Motion to Dismiss. ECF No. 21. This matter was submitted for consideration without oral argument. The Court has reviewed the record and files herein, and is fully informed. For the reasons discussed below, Defendants' Motion to Dismiss (ECF No. 21) is **GRANTED**.

## BACKGROUND

On July 31, 2017, Plaintiff Marlys Appleton, proceeding *pro se*, filed a Complaint against Defendants Sharyl Bohart and Sandra Hohn, alleging fraud,

ORDER GRANTING DEFENDANTS' MOTION TO DISMISS ~ 1

undue influence, unjust enrichment, and constructive trust. ECF No. 1. On December 11, 2017, Defendants filed the instant Motion to Dismiss this suit under Federal Rules of Civil Procedure 12(b)(1) and 12(b)(6). ECF No. 21 at 2. Defendants assert that Plaintiff's claims are barred by the applicable statute of limitations, Plaintiff lacks standing to bring the claims, Plaintiff has not and cannot adequately plead her claims, and the action in its entirety is a collateral attack on a prior decision of a Washington State Court in an action to which Plaintiff was a party. *Id.* On March 28, 2018, Plaintiff filed her First Amended Complaint, alleging the same four claims. ECF No. 34.

## FACTS

The following facts are drawn from Plaintiff's Complaint and are accepted as true for the purposes of the instant motion. Plaintiff is the daughter of Michal B. Elavsky and Lorrene Lillian Elavsky. ECF Nos. 1 at ¶ 4; 34 at ¶ 4. Plaintiff's parents acquired and operated a commercial dairy farm, which was held in joint tenancy. ECF Nos. 1 at ¶ 7; 34 at ¶ 11. On November 5, 1957, Plaintiff's parents divorced and Mr. Elavsky was granted full title to the dairy farm property. ECF Nos. 1 at ¶ 10; 34 at ¶ 14. Plaintiff alleges that Mr. Elavsky was granted "full title to all property to properly maintain and care for the minor children of the marriage." ECF Nos. 1 at ¶ 10; 34 at ¶ 14. In the mid-1960s, Mr. Elavsky sold the commercial operating dairy farm, the land, buildings, and other assets. ECF Nos. 1

at ¶ 11; 34 at ¶ 18. In 1972 and 1973, Mr. Elavsky used the proceeds from the sale of the dairy farm to purchase a cherry orchard with land and buildings. ECF Nos. 1 at ¶ 12; 34 at ¶ 19. In 1977, Mr. Elavsky formed a corporation and transferred the orchard property to the newly formed corporation, Hill Top Cherries, Inc. ECF Nos. 1 at ¶ 13; 34 at ¶ 20. Mr. Elavsky owned and operated the orchard property and business until November 2010, when Defendants allegedly fraudulently induced him to sell. ECF Nos. 1 at ¶ 15; 34 at ¶ 22.

The Defendants are the granddaughters of Mr. Elavsky's second wife, Mae Daily Brown, who died in 1993. ECF Nos. 1 at ¶ 16; 34 at ¶ 23. Ms. Bohart maintained the books for Hill Top Cherries Inc. She was an officer and a signatory on the company's bank account. ECF Nos. 1 at ¶ 20; 34 at ¶ 28. Plaintiff alleges that Defendants formed a close relationship with Mr. Elavsky and assumed a position of complete dominance over him after his wife's death in 2010. ECF Nos. 1 at ¶¶ 17-18; 34 at ¶¶ 25-27. On March 23, 2011, Plaintiff asserts that Defendants induced Mr. Elavsky to transfer the orchard property and commercial business to Defendants. ECF Nos. 1 at ¶ 23; 34 at ¶ 31. Plaintiff contends that Defendants were aware of her vested superior interest in the orchard property and business based on the 1957 divorce decree. ECF Nos. 1 at ¶ 24; 34 at ¶ 32.

In August 2014, Plaintiff states that Mr. Elavsky voiced concern about a problem with the orchard property and requested her assistance. Plaintiff insists

that he felt extremely pressured and overwhelmed by Defendants' actions. ECF Nos. 1 at ¶ 27; 34 at ¶ 35. In September 2014, Plaintiff met with a consultant to look into the issue and the consultant allegedly expressed concern regarding the flow of funds. ECF Nos. 1 at ¶¶ 28-30; 34 at ¶¶ 36-38. On August 3, 2015, Plaintiff sent a request for information to the contract servicing agency, one of the alleged facilitators of the scheme. ECF Nos. 1 at ¶ 31; 34 at ¶ 39. On August 18, 2015, Plaintiff received information from the agency and discovered that Defendants were perpetrating an elaborate ruse. ECF Nos. 1 at ¶ 32; 34 at ¶ 40.

Plaintiff asserts that from March 23, 2011 to present, Defendants were enriching themselves at Plaintiff's expense while engaging in a mirror transaction scheme. ECF Nos. 1 at ¶ 33; 34 at ¶ 41. Defendants allegedly "reported and misclassified payments made from the false mirror transactions, as interest expense to obtain a false deduction to be netted against income flowing through flow-thru entities." ECF Nos. 1 at ¶ 36; 34 at ¶ 44. In January 2016 and January 2017, Defendants mailed to Plaintiff allegedly fraudulent Form 1099s for filing with the IRS in order to conceal and further this scheme. ECF Nos. 1 at ¶ 37; 34 at ¶ 45. Plaintiff contends that Defendants made false representations to obtain a legally issued tax identification number to carry out this scheme, made and used false documents, made representations to Plaintiff that these false documents were valid, and that Plaintiff relied upon Defendants' false representations. ECF Nos. 1 at ¶¶

40-44; 34 at ¶¶ 48-53.  Plaintiff states that she does not have the ownership, use, and enjoyment of her property.  ECF Nos. 1 at ¶¶ 46-47, 34 at ¶¶ 54-55.

## DISCUSSION

**A. Standard of Review**

A motion to dismiss under Federal Rule of Civil Procedure 12(b)(1) addresses the court's subject matter jurisdiction.  Fed. R. Civ. P. 12(b)(1).  A Rule 12(b)(1) motion may be either facial, where the court's inquiry is limited to the allegations in the complaint; or factual, where the court may look beyond the complaint to consider extrinsic evidence.  *Safe Air for Everyone v. Meyer*, 373 F.3d 1035, 1039 (9th Cir. 2004).  The burden of proof in a Rule 12(b)(1) motion is on the party asserting jurisdiction.  *See Sopcak v. N. Mountain Helicopter Serv.*, 52 F.3d 817, 818 (9th Cir. 1995).  In ruling on a motion to dismiss, a court must accept all factual allegations in the complaint and construe the pleadings in the light most favorable to the party opposing the motion.  *Sprewell v. Golden State Warriors*, 266 F.3d 979, 988 (9th Cir. 2001).  The court may disregard allegations that are contradicted by matters properly subject to judicial notice or by exhibit. *Id.*  The court may also disregard conclusory allegations and arguments which are not supported by reasonable deductions and inferences.  *Id.*

Federal Rule of Civil Procedure 12(b)(6) provides that a defendant may move to dismiss the complaint for "failure to state a claim upon which relief can be

granted." Fed. R. of Civ. P. 12(b)(6). To survive dismissal, a plaintiff must allege "sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). This requires the plaintiff to provide "more than labels and conclusions, and a formulaic recitation of the elements." *Twombly*, 550 U.S. at 555. When deciding, the court may consider the plaintiff's allegations and any "materials incorporated into the complaint by reference." *Metzler Inv. GMBH v. Corinthian Colleges, Inc.*, 540 F.3d 1049, 1061 (9th Cir. 2008) (citing *Tellabs, Inc. v. Makor Issues & Rights, Ltd.*, 551 U.S. 308, 322 (2007)). A plaintiff's "allegations of material fact are taken as true and construed in the light most favorable to the plaintiff[,]" but "conclusory allegations of law and unwarranted inferences are insufficient to defeat a motion to dismiss for failure to state a claim." *In re Stac Elecs. Sec. Litig.*, 89 F.3d 1399, 1403 (9th Cir. 1996) (citation and brackets omitted).

**B. Proper Filing of the Motion to Dismiss**

Plaintiff asserts that the time allowed for Defendants to answer the Complaint expired on September 5, 2017 and that when the Defendants filed the Motion to Dismiss, they were already in default because the time to answer the Complaint expired. ECF No. 28 at 2. Plaintiff insists that Defendants' Motion to Dismiss is untimely submitted, in bad faith, frivolous, and prejudicial. *Id.*

Defendants respond that the Motion to Dismiss was properly filed and noted, and is ripe for decision. ECF No. 33 at 3. Defendants assert that it is proper to file a motion to dismiss in lieu of an answer. *Id.* at 2. Defendants also note that Plaintiff never sought a default and could not have without giving notice to Defendants of an opportunity to answer. *Id.*

The Court finds that the Motion to Dismiss was properly filed. A motion asserting any of the defenses listed in Federal Rule of Civil Procedure 12(b) "must be made before pleading if a responsive pleading is allowed." Fed. R. Civ. P. 12(b). While a defendant must serve an answer, a separate motion asserting any of the Rule 12(b) defenses may be made before filing such an answer. Therefore, the Court finds that Defendants properly filed the Motion to Dismiss prior to filing an answer to Plaintiff's Complaint. The Court will thus consider the merits of the Motion to Dismiss below.

**C. Standing: Fraud, Unjust Enrichment, and Constructive Trust**

Defendants assert that Plaintiff's claims for fraud, unjust enrichment, and breach of constructive trust should be dismissed under Federal Rule of Civil Procedure 12(b)(1) because Plaintiff lacks standing. ECF No. 21 at 11. To establish standing, a plaintiff must allege: (1) an "injury in fact"; (2) a causal connection between the injury and conduct complained of; and (3) a likely, as opposed to merely speculative, injury that will be redressed by a favorable

decision. *Lujan v. Defs. of Wildlife*, 504 U.S. 555, 560 (1992) (citations omitted). An injury in fact is defined as "an invasion of a legally protected interest which is (a) concrete and particularized; and (b) actual or imminent, not conjectural or hypothetical." *Id.* (internal quotation marks and citations omitted).

Defendants argue that Plaintiff lacks standing to sue for alleged misconduct with respect to the sale of the orchard because she has no "legally protected interest" in the property. ECF No. 21 at 12. Defendants cite that "[t]he doctrine of standing requires that a plaintiff must have a personal stake in the outcome of the case in order to bring suit." *Id.*; *Fix v. Fix*, 176 Wash. App. 1030, *4 (2013) (quoting *Gustafson v. Gustafson*, 47 Wash. App. 272, 276 (1987)).

Defendants note that Plaintiff claims she has an interest in the property derived from her parents' 1957 Divorce Decree. ECF Nos. 21 at 12; 29-1 at 2 (Ex. 1). Defendants insist that the Divorce Decree makes no reference to an award of property to Mr. Elavsky "to properly maintain and care for the minor children of the marriage." ECF Nos. 21 at 12; 1 at ¶ 10; 34 at ¶ 14. Rather, the decree awarded Mr. Elavsky "the care, custody and control of the minor children," and separately restored his "full legal title" to the property. ECF Nos. 21 at 13, 29-1 at 2 (Ex. 1). Defendants conclude that the Minnesota court only awarded property to Mr. Elavsky and not to Plaintiff. ECF No. 21 at 13. Additionally, Defendants note that even if the Divorce Decree created some legally protected interest in the

property for Plaintiff, it would be invalid because trial courts do not have the authority to award children any property interest in a divorce proceeding under Minnesota law. *Id.*; *see Johnson v. Johnson*, 169 N.W.2d 595 (Minn. 1969); *see also Snyder v. Snyder*, 202 N.W.3d 504 (Minn. Ct. App. 1972).

Plaintiff responds that she has a legally protected interest in the property and a personal stake in the outcome, satisfying the doctrine of standing. ECF No. 28 at 5. Plaintiff cites from a complaint filed by Mr. Elavsky regarding his divorce in Minnesota "that it is necessary that the plaintiff have the full title to said premises to properly maintain and care for the minor children of said marriage." ECF No. 29-1 at 7. Plaintiff incorrectly asserts that this statement was made by Judge Arnold C. Forbes and creates "an impressed trust upon the properties on behalf of Plaintiff and a superior vested interest which extended to all later acquired properties." ECF No. 28 at 5. As this statement is merely made by Mr. Elavsky in a complaint regarding his divorce and not by Judge Forbes, it does not create a legally protected interest in the property for Plaintiff.

The Court finds that Plaintiff is unable to establish standing because she has no legally protected interest and thus cannot establish an injury in fact. The judgment in the divorce decree entered by Judge Forbes awarded Plaintiff "the care, custody and control of the minor children of said marriage." ECF Nos. 29-1 at 6; 34-2 at 2 (Ex. B). In a separate paragraph, Judge Forbes restored to plaintiff

"the full legal title to the above described real estate." ECF Nos. 29-1 at 6; 34-2 at 2 (Ex. B). Mr. Elavsky's complaint argued that the property was necessary to care for the minor children, but it is signed by Mr. Elavsky's attorney not Judge Forbes. ECF No. 29-1 at 8. Mr. Elavsky's complaint is simply his own argument and does not create a legally protected interest. Accordingly, the Court finds that Plaintiff lacks standing as she does not have a legally protected interest in any disputed property in this case.

**D. Undue Influence**

The Court need only consider Plaintiff's remaining claim for undue influence, as Plaintiff's claims for fraud, unjust enrichment, and constructive trust are dismissed for lack of standing.

**1. Statute of Limitations**

Plaintiff asserts Defendants exercised undue influence over her father, which resulted in the sale of the orchard. ECF Nos. 1 at ¶ 15; 34 at ¶ 73. Defendants contend that Plaintiff's claim for undue influence should be dismissed under Federal Rule of Civil Procedure 12(b)(6) for failure to state a claim because it is barred by the applicable statute of limitations. ECF No. 21 at 8-9.

Undue influence is a "species of fraud" and the three year statute of limitations set forth in RCW 4.16.080(4) applies. *Sheehan v. Sheehan*, 150 Wash. App. 1039, at *3 (2009) (citing *In Interest of Perry*, 31 Wash. App. 268, 272

(1982); *McCutcheon v. Brownfield*, 2 Wash. App. 348, 357 (1970)). The cause of action is deemed to have accrued once the aggrieved party discovers the facts constituting the fraud. RCW 4.16.070(4).

Here, Defendants cite that actual knowledge of the fraud will be inferred if the aggrieved party, by the exercise of due diligence, could have discovered it. ECF No. 21 at 9; *Strong v. Clark*, 56 Wash.2d 230, 232 (1960). Defendants argue that the action constituting the alleged fraud, the sale of property from Mr. Elavsky to Defendants, occurred in March 2011. ECF Nos. 21 at 9; 1 at ¶ 23. Defendants note that the real estate contract was recorded on May 3, 2011. ECF Nos. 21 at 9; 22-1 (Ex. 1). Defendants insist that when the facts upon which a fraud is predicated are contained within "a written instrument which is placed on the public record, there is a constructive notice that its contents, and the statute of limitations begins to run at the date of the recording." ECF No. 21 at 9-10; *Sammann v. In re Estate of Sammann*, 112 Wash. App. 1057, at \*3 (2002) (quoting *Strong*, 56 Wash.2d at 232). Defendants thus conclude that the real estate sale underlying Plaintiff's undue influence claim occurred and was recorded in 2011, at which time Plaintiff was placed on constructive notice of the transactions. ECF No. 21 at 10. The statute of limitations then expired in 2014. *Id.*

Plaintiff asserts that the statute of limitations began accruing on August 18, 2015, when Plaintiff received information from the contract servicing agency and

discovered Defendants alleged ruse. ECF No. 28 at 4. Plaintiff also insists that under New York law, the statute of limitations is six years. *Id.* at 6. Plaintiff argues that the case originated in New York and was transferred to Washington for convenience of the Defendants. *Id.*

Defendants reply that Plaintiff cites no case suggesting that New York law should apply here. ECF No. 33 at 3. Defendants assert that the events took place in Washington, the property is located here, and the original Trust and Estate Dispute Resolution Act ("TEDRA") action took place here. *Id.* Defendants note that the Eastern District of New York transferred the case *sua sponte* to this Court. *Id.* at 3-4.

The Court agrees with Defendants that New York law is not applicable to this case where the alleged events and property are in Washington and Plaintiff fails to assert why this Court should adhere to New York law. The Court then finds that the three year statute of limitations controls, rejecting Plaintiff's contention that the statute of limitations in Washington is two years. *See* ECF No. 28 at 6.

The Court finds that the statute of limitations began accruing when the real estate contract was recorded on May 3, 2011. This Court adheres to the Washington Supreme Court's ruling on constructive notice. *See Strong*, 56 Wash.2d at 232. Here, Plaintiff alleges that Defendants unduly influenced Mr.

Elavsky and used his signature to perpetuate a fraudulent scheme to acquire the orchard property belonging to Plaintiff. ECF No. 1 at ¶ 57. The facts upon which the fraud is predicated then occurred when Mr. Elavsky signed the real estate contract and its contents became "notice to all the world" when it was recorded on May 3, 2011. *See Strong*, 56 Wash.2d at 232. In the First Amended Complaint, Plaintiff alleges that "[a]t the time, Plaintiff was not aware that her father was being unduly influenced and that Defendants were perpetrating a fraud to take Plaintiff's property. Plaintiff received no notice of the taking." ECF No. 34 at ¶ 34. Yet, her actual knowledge is not required and constructive notice occurred when the real estate contract was recorded. *See Strong*, 56 Wash.2d at 232.

Accordingly, the Court finds that Plaintiff's claim for undue influence is barred by the statute of limitations because she was on constructive notice of the alleged wrongdoing once the real estate contract was recorded.

**2. Failure to Allege Sufficient Facts**

Even if the statute of limitations was inapplicable, the Court still finds that Plaintiff fails to allege sufficient facts to state a claim for undue influence under Federal Rule of Civil Procedure 12(b)(6). Fed. R. Civ. P. 12(b)(6). Defendants insist that Plaintiff fails to adequately allege Defendants exercised undue influence over her father. ECF No. 21 at 17.

"Undue influence involves unfair persuasion that seriously impairs the free and competent exercise of judgment." *Kitsap Bank v. Denley*, 177 Wash. App. 559, 570 (2013) (quoting *In re Estate of Jones*, 170 Wash. App. 594, 606 (2012)). In the context of contracts, "[u]ndue influence is unfair persuasion of a party who is under the domination of the person exercising persuasion or who by virtue of the relation between them is justified in assuming that that person will not act in an inconsistent manner with his welfare." *In re Estate of Jones*, 170 Wash. App. at 606 (quoting Restatement (Second) of Contracts § 174 (1981)). "If a party's manifestation of assent is induced by undue influence by the other party, the contract is voidable by the victim." *Id.* (quoting Restatement (Second) of Contracts § 174 (1981)).

Here, Defendants contend that Plaintiff fails to allege facts suggesting the sale was an unbalanced transaction or any other facts indicating her father's sale of the property to Defendants was the product of undue influence. ECF No. 21 at 17-18. Defendants note that at the time of the sale, a notary public confirmed that Mr. Elavsky acted freely and voluntarily. ECF Nos. 21 at 18; 22-1 at 10 (Ex. 1). Defendants also emphasize that Mr. Elavsky appeared in the TEDRA action, negotiated the settlement agreement under which Defendants kept their ownership of the orchard property, and moved that the Chelan County Superior Court make this settlement agreement binding. ECF Nos. 21 at 18; 22-7 (Ex. 7).

Plaintiff responds that her Complaint is well pled under Rule 9(b) and is sufficient as a matter of law, but only addresses this argument in regards to fraud and does not consider her undue influence claim. ECF No. 28 at 6-7.

The Court finds that Plaintiff fails to allege sufficient facts to state a claim for undue influence. *See* ECF Nos. 1 at ¶¶ 56-63; 34 at ¶¶ 72-79. She does not establish that Defendants exercised unfair persuasion over Mr. Elavsky or that the sale agreement was induced by undue influence. The facts show that Mr. Elavsky freely entered into the agreement to sell his property. While the facts are taken in the light most favorable to Plaintiff, her inference of Defendants' undue influence over Mr. Elavsky without further factual allegations is insufficient to defeat the Motion to Dismiss.

Accordingly, the Court also dismisses Plaintiff's claim for undue influence because she fails to allege sufficient factual matter to state a claim for relief that is plausible on its face. *Ashcroft*, 556 U.S. at 678 (quoting *Twombly*, 550 U.S. at 570). The Court need not consider Defendants' argument regarding claim preclusion as all of Plaintiff's claims are dismissed. *See* ECF No. 21 at 18-21.

**E. Plaintiff's Objections**

Plaintiff also filed an Objection to Declaration by Defendant's Attorney in Support of their Motion to Dismiss. ECF No. 30. Plaintiff objects to Harry Korrell's Declaration and all of the exhibits. *Id.* at 3. Plaintiff argues that the

Korrell Declaration is misleading and highly prejudicial as the Model Rule of Professional Conduct 3.7 ("RPC") prohibits a lawyer from simultaneously serving as an advocate and a witness. *Id.* at 4-9; 22; Model Rules of Prof'l Conduct R. 3.17 (2017-2018 ed.). Plaintiff asserts that the evidence is irrelevant and inadmissible under Federal Rule of Evidence 402, as the statements and exhibits are unfairly prejudicial, confuse the issue, and are a waste of the Court's time. ECF No. 30 at 3. Additionally, Plaintiff insists that the affidavits contain hearsay or a proper foundation was not laid. *Id.*

Defendants respond that none of Plaintiff's objections have merit. ECF No. 33 at 6. Defendants clarify that any objections regarding RPC 3.7 are misunderstood, as counsel for Defendants is not testifying as a witness at trial but merely authenticating documents submitted with Defendants' Motion. *Id.* at 9.

Defendants contend that the documents submitted with the Motion to Dismiss are all public records, confirmed in the Korrell Declaration to be true copies of documents maintained in official court and other government records. *Id.* at 6-7. Defendants argue that the documents are self-authenticating public records under Federal Rule of Evidence 902(1). *Id.* at 7. Defendants also note that records may be authenticated by testimony, including in a declaration, that copies are accurate. *Id.* at 7-8; Fed. R. Evid. 1005.

Additionally, Defendants insist that the documents are not hearsay. ECF No. 33 at 8. Defendants state that the documents are not offered for the truth of the statements contained therein, rather they are offered merely to show the fact of certain events, including court proceedings in state court. *Id.* Defendants emphasize that the court records showing court proceedings and the recorded real estate agreement are covered by specific exceptions to the hearsay rule: Rule 803(8)(A) public records showing the office's activities, Rule 803(14) records of documents that affect an interest in property, and Rule 803(15) statements in documents that affect an interest in property. *Id.* at 9; Fed. R. Evid. 803(8)(A), 803(14), 803(15). Defendants also note that Plaintiff submitted the document evidencing the divorce decree in Minnesota. ECF Nos. 33 at 9; 29-1 (Ex. 1).

The Court agrees with Defendants that the Korrell Declaration and exhibits are admissible. RPC 3.7 is not applicable as Mr. Korrell is not serving as a witness at a trial and thus his declaration may be considered by this Court. *See* Model Rules of Prof'l Conduct R. 3.17 (2017-2018 ed.). The exhibits are a matter of public record and are self-authenticating under Federal Rule of Evidence 902(1) and are also admissible because the Korrell Declaration authenticates that the copies are accurate. *See* ECF No. 22; Fed. R. Evid. 902(1), 1005. The Court determines that the documents are not hearsay and are merely used to show that the events occurred. Fed. R. Evid. 801(c). Even if the documents were hearsay, the

Court finds that the above discussed exceptions are applicable. Fed. R. Evid. 803(8)(A), 803(14), 803(15). Accordingly, the Court concludes that it properly considered the Korrell Declaration and exhibits in this Order and overrules Plaintiff's objections (ECF No. 30).

**F. Leave to Amend**

Under Rule 15(a) of the Federal Rules of Civil Procedure, leave to amend a party's pleading "should [be] freely give[n] . . . when justice so requires," because the purpose of the rule is "to facilitate decision on the merits, rather than on the pleadings or technicalities." *Novak v. United States*, 795 F.3d 1012, 1020 (9th Cir. 2015) (citation omitted). "[A] district court should grant leave to amend even if no request to amend the pleading was made, unless it determines that the pleading could not possibly be cured by the allegation of other facts." *Lopez v. Smith*, 203 F.3d 1122, 1127 (9th Cir. 2000) (en banc); *Lacey v. Maricopa Cty.*, 693 F.3d 896, 926 (9th Cir. 2012) (en banc).

Here, Plaintiff was granted leave to file an amended complaint. ECF No. 32 at 2. After fully considering her Complaint, ECF No. 1, and her First Amended Complaint, ECF No. 34, the Court finds that Plaintiff cannot prevail and it would be futile to give her another opportunity to amend. Plaintiff does not have standing to assert a claim for fraud, unjust enrichment, or constructive trust. Her claim for undue influence is barred by the statute of limitations, and she also fails to allege

sufficient facts in her Complaint and First Amended Complaint to state any claim upon which relief could be granted. The Court finds that there are no set of facts Plaintiff could allege to overcome her lack of standing or the statute of limitations. Plaintiff's pleading then cannot possibly be cured by other facts and the Court dismisses her claims with prejudice.

**ACCORDINGLY, IT IS HEREBY ORDERED:**

Defendants' Motion to Dismiss (ECF No. 21) is **GRANTED**. Plaintiff's Complaint (ECF No. 1) and First Amended Complaint (ECF No. 34) are **DISMISSED with prejudice**.

The District Court Executive is directed to enter this Order and Judgment for Defendants, furnish copies to the parties, and **CLOSE** the file.

**DATED** March 29, 2018.

THOMAS O. RICE
Chief United States District Judge